ANN LOHMAN *alias* MADAME RESTELL, plaintiff in error, vs. THE PEOPLE, defendants in error.—*Judgment affirmed*. EDWARD SANDFORD, for plaintiff in error; JOHN McKEON, district attorney, for defendants in error.

It was decided in this case, that mere surplusage in an indictment did not vitiate. Facts alleged in an indictment which constitute a misdemeanor will be good for that offence, although additional facts which nearly (*intent* not averred) constitute felony are also alleged.

Questions of privilege to jurors and witnesses in criminal cases were also raised and decided. (Reported, 1 Comstock, 379.)

JOHN F. J. DERAISEMES, plaintiff in error, vs. THE MERCHANTS' MUTUAL INSURANCE Co., defendants in error.—*Judgment affirmed*. CHARLES O'CONOR, for plaintiff in error; DANIEL LORD, for defendants in error.

This case decided that premium notes taken for premiums in advance, by a mutual insurance company, in pursuance of its charter, were valid for the whole face thereof, although the premiums on insurances actually received by the maker, amounted to only a part of such note. The consideration in such notes may be upheld, &c. (Reported, 1 Comstock, 371.)

JOHN HUGHES and others, plaintiffs in error, vs. PHILIP HONE and another, receivers, &c. defendants in error.—*Judgment affirmed*. This cause was submitted upon printed arguments and points. GEO. WOOD, for plaintiffs in error; DANIEL LORD, for defendants in error.

It appears that this case was substantially like the last. The principle involved being the same, and the decision the same. (Not reported.)

JOHN BOGERT, plaintiff in error, vs. HARRISON W. MORSE, defendant in error.—*Judgment affirmed*. E. VAN BUREN, for plaintiff in error; B. W. FRANKLIN, for defendant in error.

It seems, that where one party receives money from another, and there is no explanation of the fact, the presumption is that it is received as payment and not as a loan. (Reported, 1 Comstock, 377.)